**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SUITE 600
SAN FRANCISCO, CA  94111-3404
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

KEVIN F. WOODALL, CA BAR NO. 180650
CHRISTOPHER G. WARD, CA BAR NO. 238777
ATTORNEYS FOR DEFENDANT SANTA ROSA MEMORIAL
HOSPITAL

*E-filing*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TSEGAI HAILE, | CASE NO: |
| Plaintiff, | **DEFENDANT SANTA ROSA MEMORIAL HOSPITAL'S NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)** |
| vs. | |
| SANTA ROSA MEMORIAL HOSPITAL; ST. JOSEPH HEALTH SYSTEM SONOMA COUNTY; and DOES 1 through 50, inclusive, | |
| Defendants. | CASE FILED: MAY 23, 2008 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Santa Rosa Memorial Hospital ("SRMH") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 and state the following grounds for removal to the United States District Court for the Northern District of California:

1.      Plaintiff Tsegai Haile commenced this action on or about May 23, 2008 by filing a Complaint in the Superior Court of the State of California, County of Sonoma, entitled "*Tsegai Haile v. Santa Rosa Memorial Hospital; St. Joseph Health System*

*Sonoma County; and Does 1 through 50, inclusive,*" Case No. SCV 242917. The Summons and Complaint was served on SRMH on or about August 4, 2008. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

2.      On August 28, 2008, SRMH filed its Answer in the Sonoma County Superior Court. A true and correct copy of SRMH's Answer is attached hereto as Exhibit "B." Named defendant St. Joseph Health System Sonoma County, which is not a legal entity, has not been served with the Complaint or otherwise brought into this litigation.

3.      The Complaint contains ten purported causes of action asserting various theories of liability in connection with plaintiff's employment with and discharge from SRMH, including causes of action alleging various forms of unlawful discrimination, failure to prevent discrimination, intentional infliction of emotional distress, wrongful termination in violation of public policy, retaliation, and violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") amending the federal Employee Retirement Income Security Act of 1974.

4.      The First through Third Causes of Action for alleged race, national origin and gender discrimination and the Fourth Cause of Action for alleged retaliation each assert violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

5.      The Fifth Cause of Action for alleged age discrimination asserts violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

6.      The Tenth Cause of Action for alleged failure to provide notification of the right to continue health care benefits asserts violations of COBRA.

7.      Each of the causes of action identified in Paragraphs 4 through 6 are claims arising under the laws of the United States pursuant to 28 U.S.C. § 1331. As such, this Court has original jurisdiction over the causes of action, and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8.      This Notice of Removal is filed within 30 days after SRMH was effectively served a copy of the Complaint upon which this action is based. As such, the Notice of

DEFENDANT'S NOTICE OF REMOVAL

LACA_1911773.1

1    Removal is timely filed within the period prescribed in 28 U.S.C. § 1446(b).

2        9.    Wherefore, SRMH prays that this action be removed from the Superior

3    Court of the State of California, County of Sonoma to the United States District Court for

4    the Northern District of California, and for such further relief as may be just and proper.

5        10.    Pursuant to 28 U.S.C. § 1446(d), SRMH is filing written notice of this

6    removal with the clerk of the Superior Court for the State of California, Sonoma County.

7    Copies of the Notice of Removal are also being served on plaintiff's counsel pursuant to

8    28 U.S.C. § 1446(d).

9        11.    This Notice of Removal is filed subject to and with full reservation of

10    rights, including but not limited to, defenses and objections to venue, improper service of

11    process, and personal jurisdiction.  No admission of fact, law or liability is intended by

12    this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

13

DATE:  SEPTEMBER 2, 2008

14                                    FOLEY & LARDNER LLP
                                      KEVIN F. WOODALL
15                                    CHRISTOPHER G. WARD                    .

16

17                            By: _____

18                                    KEVIN F. WOODALL
                                      ATTORNEYS FOR DEFENDANT SANTA ROSA
19                                    MEMORIAL HOSPITAL

20

21

22

23

24

25

26

27

28

LACA_1911773.1

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)



SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SANTA ROSA MEMORIAL HOSPITAL; ST. JOSEPH HEALTH
SYSTEM SONOMA COUNTY; and DOES 1 through 50,
inclusive,

**ENDORSED FILED**

MAY 23 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TSEGAI HAILE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Sonoma County Superior Court of California 600 Administration Drive <br><br> Santa Rosa, California | CASE NUMBER: *(Número del Caso):* SCV 242917 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541        (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954                **KAREN TUMANENG**

| DATE: **MAY 2 3 2008** *(Fecha)* | DENISE L. GORDON | Clerk, by *(Secretario)* | _____, Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Santa Rosa Memorial Hospital

    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1



# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**ENDORSED FILED**
(SOLO PARA USO DE LA CORTE)

MAY 23 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SANTA ROSA MEMORIAL HOSPITAL; ST. JOSEPH HEALTH
SYSTEM SONOMA COUNTY; and DOES 1 through 50,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TSEGAI HAILE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sonoma County Superior Court of California
600 Administration Drive

Santa Rosa, California

CASE NUMBER:
*(Número del Caso):* SCV 242917

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Poore, Esq., SBN 192541          (707) 763-7100
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, California  94954

KAREN TUMANENG

DATE:  **MAY 2 3 2008**     DENISE L. GORDON        Clerk, by _____, Deputy
*(Fecha)*                                             *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* St. Joseph Health System Sonoma County

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* BUSINESS ORGANIZATION FORM UNKNOWN
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
Solutions Plus

1    David M. Poore, SBN 192541
     KAHN BROWN & POORE LLP
2    755 Baywood Drive, Suite 185
     Petaluma, California 94954
3    Telephone:    (707) 763-7100
     Facsimile:     (707) 763-7180
4    dpoore@kahnbrownlaw.com

5

6    Attorneys for Plaintiff
     TSEGAI HAILE

**ENDORSED FILED**

MAY 23 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

7

8           **SUPERIOR COURT OF CALIFORNIA - COUNTY OF SONOMA**

9                      **UNLIMITED JURISDICTION**

10    TSEGAI HAILE, | Case No.   SCV242917

11 | **COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF**

12        Plaintiff,

13    v. | VIOLATIONS OF GOVERNMENT CODE SECTION 12940, *ET. SEQ.*; FAILURE TO

14 | PREVENT AND INVESTIGATE HARASSMENT; VIOLATIONS OF TITLE

15    SANTA ROSA MEMORIAL HOSPITAL; ST. | VII OF THE CIVIL RIGHTS ACT, 42 U.S.C.
     JOSEPH HEALTH SYSTEM SONOMA | SECTION 2000 *ET. SEQ.*; WRONGFUL

16    COUNTY; and DOES 1 through 50, inclusive, | TERMINATION IN VIOLATION OF PUBLIC POLICY; VIOLATIONS OF THE

17 | AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTION

18        Defendants. | 621; VIOLATIONS OF HEALTH & SAFETY CODE SECTION 1424;

19 | VIOLATIONS OF THE CONSOLIDATED OMNIBUS BUDGET RECONCILIATION

20 | ACT ("COBRA")

21

22 | **JURY TRIAL DEMANDED**

23      Plaintiff TSEGAI HAILE complains and alleges as follows:

24

25                    **PARTIES AND JURISDICTION**

26      1.      Plaintiff TSEGAI HAILE ("plaintiff") is; and at all relevant times hereto, has been

27   a resident of the State of California. Plaintiff was an employee of defendants SANTA ROSA

28   MEMORIAL HOSPITAL and ST. JOSEPH HEALTH SYSTEM SONOMA COUNTY within

-1-
COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1 | the meaning of the Fair Employment and Housing Act ("FEHA"), Government Code Sections

2 | 12940 et. seq., Title VII of the Civil Rights Act, 42 U.S.C. Section 2000, et. seq. ("Title VII"),

3 | and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

4 |     2.     At all relevant times, defendant SANTA ROSA MEMORIAL HOSPITAL

5 | ("SRMH") was an employer within the meaning of FEHA, Title VII, and the ADEA, and, as

6 | such, was prohibited from harassing, discriminating and retaliating in employment on the basis of

7 | race, disability/medical condition association or asserting family leave rights. Defendant SRMH

8 | has employed, at all relevant times, over 15 employees within the County of Sonoma, State of

9 | California.

10 |     3.     At all relevant times, defendant ST. JOSEPH HEALTH SYSTEM SONOMA

11 | COUNTY ("St. Joseph") was an employer within the meaning of FEHA, Title VII, and the

12 | ADEA, and, as such, was prohibited from harassing, discriminating and retaliating in

13 | employment on the basis of race, disability/medical condition association or asserting family

14 | leave rights. Defendant St. Joseph has employed, at all relevant times, over 15 employees within

15 | the County of Sonoma, State of California.

16 |     4.     Plaintiff is informed and believes that defendants were, at all relevant times, one

17 | integrated enterprise and/or joint employer, and were engaged in a common enterprise, joint

18 | venture, and/or unincorporated association. For purposes of this Complaint, defendants SRMH

19 | and St. Joseph are collectively referred to as "Santa Rosa Hospital" or "defendants".

20 |     5.     This Court has jurisdiction and venue over this action in that defendants employed

21 | plaintiff within the County of Sonoma, State of California.

22 |     6.     Plaintiff has exhausted all administrative remedies with the Department of Fair

23 | Employment and Housing ("DFEH") and Equal Employment Opportunity Commission

24 | ("EEOC"), and has filed this action within 90 days of receipt of the appropriate right-to-sue

25 | letters.

26 |     7.     Plaintiff does not know the true names, capacities and identities, whether

27 | corporate, partnership, individual or otherwise, of defendants sued herein as DOES 1 through 50,

28 | inclusive, and for this reason sues each defendant by such fictitious names in accordance with

-2-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1    Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on that basis

2    alleges, that each of the fictitiously-named defendants is legally responsible for the events and

3    actions referred to in this Complaint and wrongfully caused injury and damages to plaintiff, as

4    alleged below. Plaintiff will seek leave to amend this complaint to state these defendants' true

5    names and capacities when they are ascertained.

6         8.    Plaintiff is informed and believes, and thereby alleges that each of the defendants

7    herein were at all times relevant hereto, the agents, representatives, servants and employees of the

8    remaining defendants, and were acting at least in part within the course and scope of such

9    relationship, and that the wrongful acts alleged herein were committed by such defendants, and

10   each of them.

11

12                   **FACTUAL BACKGROUND**

13        9.    Plaintiff Haile is a former employee of defendants Santa Rosa Hospital. At all

14   relevant times, plaintiff was an African-American male who was over the age of 40 years old.

15   Plaintiff's national origin is African. As such, plaintiff was a member of a protected category for

16   purposes of FEHA, Title VII, and/or the ADEA.

17        10.    On or about July 5, 1995, plaintiff was hired as a Staff Nurse with Santa Rosa

18   Hospital. At the time that plaintiff began his employment and throughout his employment with

19   defendants, plaintiff was qualified to work in this health care position. Throughout his

20   employment with Santa Rosa Hospital, plaintiff diligently and competently performed his duties,

21   responsibilities, and job tasks, and received promotions and pay increases in accordance with his

22   performance. Plaintiff further received consistent praise regarding his abilities and skill level, and

23   was provided with excellent evaluations for his performance.

24        11.    During his employment, plaintiff was promoted to Staff Nurse III, and was

25   assigned to work as Lead Nurse, a position with supervisory duties. As a result, plaintiff's

26   manager recommended that plaintiff be promoted to the position of Staff Nurse IV.

27        12.    In or about early-2005, plaintiff applied for a promotion to the position of Staff

28   Nurse IV. Despite the fact that plaintiff was the most qualified candidate for the job, defendants

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1   failed to consider plaintiff's application, and continued to delay any response to plaintiff for

2   several months. In the meantime, several Caucasian employees under the age of 40 were selected

3   for vacant Staff Nurse IV promotional positions.

4          13.     During this time, plaintiff was the only African-American male Registered Nurse

5   employed at Santa Rose Hospital.

6          14.     In or about April 2005, plaintiff contacted defendants' Director of Nursing, a

7   female manager, to inquire into the status of his promotion application. Plaintiff made several

8   inquiries to the Director of Nursing, and requested an explanation as to why he was not being

9   considered of the open positions, including why he was being passed over for promotion by

10  substantially less qualified Caucasian younger candidates.

11         15.     In response to plaintiff's requests and insistence for a non-discriminatory reason

12  for their conduct, defendants retaliated against plaintiff and began targeting his employment with

13  adverse employment actions, including removing plaintiff from his supervisory duties as Lead

14  Nurse.

15         16.     Once defendants unilaterally and arbitrarily removed plaintiff from his Lead Nurse

16  duties, plaintiff made an internal complaint of discrimination, retaliation, and unequal treatment

17  in the workplace. In response, defendants continued to target plaintiff in the workplace, and still

18  refused to provide him with any explanation as to his promotion application.

19         17.     In or about May 2005, plaintiff submitted a complaint of discrimination,

20  retaliation, and harassment to defendants' Chief Nursing Officer and Human Resources

21  Department. Defendants failed to conduct any reasonable investigation into plaintiff's complaint,

22  and failed to take any reasonable measures to ensure that the discriminatory conduct would cease.

23  Instead, plaintiff was informed that he "should not have" accused the hospital of discrimination,

24  and that further retaliation was imminent.

25         18.     In June 2005, as a direct result of plaintiff's recent complaint, defendants removed

26  plaintiff from his full-time work shift, and gave the desirable shift to a Caucasian female nurse.

27  Defendants further continued to take adverse employment actions against plaintiff, including an

28

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

1   instruction from the Director of Nursing to down-grade plaintiff's performance evaluation in

2   several categories because of plaintiff's African "accent."

3        19.     Immediately thereafter, defendants' Director of Nursing instructed plaintiff to

4   come into his office for an unknown and undisclosed reason.  When plaintiff complied, the

5   Director of Nursing approached plaintiff and attempted to place his arms around plaintiff's body

6   in what appeared to be some form of sexual manner.  Plaintiff became extremely uncomfortable,

7   and immediately asked that the Director stop touching him.  Plaintiff refused the advance, and left

8   the office.

9        20.     Immediately after this incident, the Director of Nursing informed plaintiff that he

10  was "not qualified" to assume any nurse supervisor position, including his former duties of Lead

11  Nurse.  Defendants then replaced plaintiff's Lead Nurse position with a substantially less

12  qualified Caucasian female whom plaintiff had trained.  Defendants further reduced plaintiff's job

13  duties and responsibilities, unilaterally removed plaintiff's salary differential, and reduced

14  plaintiff's pay.

15       21.     Moreover, as a result of plaintiff's complaints, defendants continued to subject

16  plaintiff to discrimination, harassment, retaliation, and unequal treatment in the workplace on the

17  basis of his race, national origin, gender, and age, including but not limited to:  (1) treating

18  plaintiff differently in the workplace; (2) providing different levels of discipline for plaintiff; (3)

19  arbitrarily changing the plaintiff's work schedule or amount of hours worked; (4) taking adverse

20  employment actions against plaintiff for making internal complaints of discriminatory conduct in

21  the workplace; (5) engaging in stereotypical comments and attitudes towards plaintiff; (6)

22  refusing to reasonably investigate plaintiff's complaints; (7) falsely accusing plaintiff of

23  misconduct in the workplace that defendants later conceded was incorrect;  (8) making

24  inappropriate discriminatory comments, slurs, and remarks; (9) treating plaintiff in a hostile and

25  rude manner for asserting his civil rights; and (10) engaging in a pattern and practice of

26  discrimination and unequal treatment.

27       22.     In early-October 2005, defendants approached one of plaintiff's co-workers with a

28  pre-prepared, two-page draft complaint that accused plaintiff of misconduct in the workplace, and

1    demanded that she sign the document. Defendants' attempts to get the co-worker to sign this

2    fabricated complaint was nothing more than defendants' continued efforts to look for any reason

3    to terminate plaintiff's employment. The co-worker refused to sign the false document.

4         23.     Immediately thereafter, plaintiff lodged another internal complaint with

5    defendants, and requested that this discriminatory conduct stop. Defendants again failed to

6    conduct any reasonable investigation into plaintiff's complaint. Instead, in direct response to

7    plaintiff's complaint, defendants placed plaintiff on an unsupported and improper corrective

8    action plan.

9         24.     Plaintiff then attempted to seek assistance from defendants' Senior Vice President,

10   including a request that the retaliation and discrimination immediately cease. In response,

11   defendants retaliated against plaintiff by placing him on "administrative leave" and demanding

12   that plaintiff undergo a "psych eval".

13        25.     Furthermore, during this period of time, defendants isolated plaintiff in the

14   workplace as direct retaliation for his complaints and requests for assistance, and refused to

15   provide him with equal and necessary support for continued patient care in the hospital, including

16   incidents that placed at least one patient's life in danger. When plaintiff advised defendants that

17   their conduct was having a negative effect on patient care, defendants ignored plaintiff's

18   concerns, and, instead, continued to look for any reason to terminate plaintiff's employment.

19        26.     On or about December 26, 2005, plaintiff filed an administrative complaint of

20   discrimination, retaliation, and harassment with the EEOC. In early-January 2006, defendants

21   became aware of plaintiff's EEOC complaint.

22        27.     After defendants became aware of the complaints, defendants continued to take

23   every measure possible to target plaintiff's employment for termination. As a result, on or about

24   May 23, 2006, defendants terminated plaintiff's employment. Plaintiff's termination was

25   discriminatory and also in direct retaliation for her previous complaints of discrimination,

26   harassment, retaliation, and unequal treatment in the workplace.

27        28.     Defendants failed to provide plaintiff with any COBRA continuation notice.

28

## FIRST CAUSE OF ACTION

(Race Discrimination – All Defendants)

29.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    California Government Code § 12940, et. seq., and Title VII of the Civil Rights Act provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment.

31.    Defendants violated Government Code § 12940, et. seq. and Title VII with regard to plaintiff when it discriminated against plaintiff on the basis of race, and terminated plaintiff's employment, and/or took other adverse employment actions against plaintiff because of his protected status.

32.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and/or Title VII.

33.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

34.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

35.    The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

36.    As a further direct and proximate result of defendants' conduct, plaintiff seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

## SECOND CAUSE OF ACTION

(National Origin Discrimination – All Defendants)

37.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.    California Government Code § 12940, et. seq., and Title VII of the Civil Rights Act provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment.

39.    Defendants violated Government Code § 12940, et. seq. and Title VII with regard to plaintiff when it discriminated against plaintiff on the basis of national origin, and terminated plaintiff's employment; and/or took other adverse employment actions against plaintiff because of his protected status.

40.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and/or Title VII.

41.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

42.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

43.    The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of

1  the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

2  oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

3  damages.

4        44.     As a further direct and proximate result of defendants' conduct, plaintiff seeks

5  interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other

6  relief that the Court deems fair and just.

7

8                          **THIRD CAUSE OF ACTION**

9                          (Gender Discrimination –All Defendants)

10       45.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this

11  Complaint as though fully set forth herein.

12       46.     California Government Code § 12940, et. seq., and Title VII of the Civil Rights

13  Act provide that it is an unlawful employment practice for an employer to discriminate in the

14  terms and conditions of employment.

15       47.     Defendants violated Government Code § 12940, et. seq. and Title VII with regard

16  to plaintiff when it discriminated against plaintiff on the basis of gender and/or sex, and

17  terminated plaintiff's employment, and/or took other adverse employment actions against

18  plaintiff because of his protected status.

19       48.     Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful

20  employment practice in violation of California Government Code § 12940 and/or Title VII.

21       49.     As a direct and proximate result of defendants' conduct, plaintiff has suffered loss

22  of employment, indignity, great humiliation and emotional distress manifesting in physical

23  symptoms.

24       50.     Defendants' actions have caused and continue to cause plaintiff substantial losses

25  in earnings, significant reputation and professional injury, loss of promotional opportunities and

26  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

27  benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

28  according to proof.

1    51.    The acts of defendants as alleged herein, were intentional, outrageous, despicable,

2  oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff

3  mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of

4  the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

5  oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

6  damages.

7    52.    As a further direct and proximate result of defendants' conduct, plaintiff seeks

8  interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other

9  relief that the Court deems fair and just.

10

11                         **FOURTH CAUSE OF ACTION**

12                        (Retaliation – All Defendants)

13    53.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 52 of this

14  Complaint as though fully set forth herein.

15    54.    California Government Code § 12940(h) and Title VII of the Civil Rights Act

16  provide that it is an unlawful employment practice for an employer or any other person to

17  retaliate against an employee for opposing an unlawful employment practice or filing a complaint

18  of discrimination or harassment in the workplace.

19    55.    Defendants violated Government Code § 12940 and Title VII with regard to

20  plaintiff when they denied promotional opportunities, conducted inappropriate discipline and

21  other adverse employment actions, and then ultimately terminated plaintiff' employment as a

22  result of making complaints to defendants of discrimination, retaliation, unequal treatment, and

23  harassment in the workplace and then requesting that an immediate investigation and remedial

24  measures be taken.

25    56.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful

26  employment practice in violation of California Government Code § 12940.

27

28

57.    As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

58.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

59.    The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

60.    As a further direct and proximate result of defendants' conduct, plaintiff seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

## FIFTH CAUSE OF ACTION

### (Age Discrimination – FEHA/ADEA – All Defendants)

61.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.    California Government Code § 12941, et. seq., and the ADEA provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment on the basis of age, including an older worker that is over the age of 40 years old.

63.    Defendants violated Government Code § 12941, et. seq. and the ADEA with regard to plaintiff when it discriminated against plaintiff on the basis of his age, terminated

-11-

1  plaintiff's employment, and/or took other adverse employment actions against plaintiff while

2  providing more favorable treatment to substantially younger workers under the age of 40.

3      64.    Defendants' conduct toward plaintiff as alleged above, constitutes an unlawful

4  employment practice in violation of California Government Code § 12941 and the ADEA.

5      65.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss

6  of employment, indignity, great humiliation and emotional distress manifesting in physical

7  symptoms.

8      66.    Defendants' actions have caused and continue to cause plaintiff substantial losses

9  in earnings, significant reputation and professional injury, loss of promotional opportunities and

10  other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

11  benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount

12  according to proof.

13      67.    The acts of defendants as alleged herein, were intentional, outrageous, despicable,

14  oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff

15  mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of

16  the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

17  oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive

18  damages.

19      68.    As a further direct and proximate result of defendants' conduct, plaintiff seeks

20  interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other

21  relief that the Court deems fair and just.

22

23  **SIXTH CAUSE OF ACTION**

24  (Intentional Infliction of Emotional Distress – All Defendants)

25      69.    Plaintiff realleges and incorporate by reference Paragraphs 1 through 68 of this

26  Complaint as though fully set forth herein.

27      70.    Defendants' conduct, as alleged herein, was extreme and outrageous, and went

28  well beyond the normal compensation bargain between an employer and employee.

71. As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

72. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

73. The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## SEVENTH CAUSE OF ACTION

### (Failure to Prevent Discrimination – All Defendants)

74. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 73 of this complaint as fully set forth herein.

75. California Government Code § 12940(k) et seq., provide that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace.

76. Defendants violated Government Code § 12940 et seq., with regard to when defendants knowingly and recklessly created a hostile work environment for plaintiff, failed to conduct reasonable and impartial investigations when plaintiff complained about discriminatory conduct on the part of supervisors and management, and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

77. Defendants' conduct toward plaintiff constitutes an unlawful employment practice in violation of California Government Code § 12940.

78.     As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

79.     Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

80.     The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

### EIGHTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy – All Defendants)

81.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 80 of this Complaint as fully set forth herein.

82.     It is the fundamental public policy of the State of California that employers and/or other persons shall not discriminate or retaliate against an employee for making complaints of violations of the equal employment opportunity laws, making complaints regarding the treatment of medical patients, or reporting any potential violations of state or federal law. These fundamental public policies are embodied in the California Fair Employment and Housing Act, Government Code Section 12940, et. seq., Title VII of the Civil Rights Act, the ADEA, Health & Safety Code Section 1424, and California Labor Code 1102.5, et. seq. These public policies of the State of California were substantial, fundamental, and well established at the time the plaintiff was terminated.

83.    In acting as alleged herein, defendants wrongfully terminated plaintiff in violation of these public policies.

84.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

85.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

86.    The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## NINTH CAUSE OF ACTION

### (Violations of Health & Safety Code Section 1424 – All Defendants)

87.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 86 of this complaint as fully set forth herein.

88.    California Health & Safety Code Section 1424 prohibits an employer who is a health care provider from retaliating against a registered nurse from making complaints relating to patient safety.

89.    As set forth above, defendants violated Health & Safety Code Section 1424 when defendants retaliated against plaintiff, including taking adverse employment actions against plaintiff, as a direct result of his complaints pertaining to patient safety at Santa Rosa Hospital.

-15-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

90.    As a direct and proximate result of defendants' conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

91.    Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

92.    The acts of defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## TENTH CAUSE OF ACTION

### (Violations of COBRA – All Defendants)

93.    Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 92 of this complaint as fully set forth herein.

94.    The Consolidated Omnibus Budget Reconciliation Act ("COBRA") provides that an employer must provide an employee with health benefits continuation coverage notice upon a qualifying event, including termination of employment or reduction of hours.

95.    In acting above, defendants failed to provide plaintiff with such a COBRA notice upon termination and/or reduction in hours.

96.    As a direct and proximate result of defendants' actions, plaintiff seeks damages, equitable, injunctive, and/or any other relief the Court deems proper.

-16-

COMPLAINT FOR DAMAGE, EQUITABLE, AND INJUNCTIVE RELIEF

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For injunctive relief or other equitable relief according to proof,

5. For reasonable attorney's fees and cost of suit therein;

6. For punitive damages against individual defendants only;

7. For statutory penalties and any other statutory relief;

8. For such other and further relief as the court may deem proper.

9. **Plaintiff hereby demands a trial by jury**.

Dated: May 22, 2008                     KAHN BROWN & POORE LLP


By: _____
   David M. Poore
   Attorneys for Plaintiffs

# EXHIBIT B

FOLEY & LARDNER LLP
ONE MARITIME PLAZA, SUITE 600
SAN FRANCISCO, CA 94111-3404
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

KEVIN F. WOODALL, CA BAR NO. 180650
CHRISTOPHER G. WARD, CA BAR NO. 238777
ATTORNEYS FOR DEFENDANT SANTA ROSA MEMORIAL
HOSPITAL

ENDORSED
FILED

AUG 28 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

## UNLIMITED JURISDICTION

| | |
|---|---|
| TSEGAI HAILE<br><br>            Plaintiff,<br><br>    vs.<br><br>SANTA ROSA MEMORIAL HOSPITAL;<br>ST. JOSEPH HEALTH SYSTEM<br>SONOMA COUNTY; and DOES 1 through<br>50, inclusive,<br><br>            Defendants. | CASE NO: SCV 242917<br><br>**DEFENDANT SANTA ROSA MEMORIAL<br>HOSPITAL'S ANSWER TO COMPLAINT**<br><br>BY FAX<br><br>CASE FILED: MAY 23, 2008 |

Defendant Santa Rosa Memorial Hospital hereby answers plaintiff's Complaint on file herein as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint, and further denies plaintiff has suffered any harm or damages, in any sum or sums, or at all.

///
///
///

ANSWER TO COMPLAINT
CASE NO. SCV 242917

LACA_1911768.1

# AFFIRMATIVE DEFENSES

## First Separate and Affirmative Defense

### (Failure to State a Cause of Action)

1. The Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action as against this answering Defendant.

## Second Separate and Affirmative Defense

### (Failure to State a Claim Upon Which Relief Can Be Granted)

2. The allegations contained in plaintiff's Complaint, or any purported cause of action alleged therein, fail to state a claim upon which relief can be granted.

## Third Separate and Affirmative Defense

### (Statute of Limitations)

3. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the applicable statute of limitations, including 42 U.S.C. § 2000e-5, 29 U.S.C. § 626, CAL. GOV'T CODE § 12900, et seq., and CAL. CIV. PROC. CODE § 335 et seq.

## Fourth Separate and Affirmative Defense

### (Unsatisfactory Job Performance)

4. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by plaintiff's failure to satisfactorily perform his job duties and otherwise conduct himself in accordance with the standards and policies of Defendant.

## Fifth Separate and Affirmative Defense

### (Privileged and Justified Conduct)

5. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant's conduct was privileged and/or justified under California and federal law and for valid business reasons.

## Sixth Separate and Affirmative Defense

### (Workers' Compensation Preemption)

6. To the extent plaintiff's Complaint, or any purported cause of action

LACA_1911768.1

1  alleged therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any

2  recovery is barred by the exclusivity of remedy therefore under the California Workers'

3  Compensation Action, CAL. LABOR CODE § 3200, *et seq.*

## Seventh Separate and Affirmative Defense

### (Failure to Mitigate)

6      7.     Plaintiff had and continues to have the ability and opportunity to mitigate

7  the damages alleged with respect to the subject matter of this litigation, and he has failed

8  and refused to mitigate the damages.

## Eighth Separate and Affirmative Defense

### (Failure to Exhaust)

11      8.     Any recovery on plaintiff's Complaint, or any purported cause of action

12  alleged therein, is barred by his failure to exhaust all administrative remedies.

## Ninth Separate and Affirmative Defense

### (Estoppel)

15      9.     Any recovery on plaintiff's Complaint, or any purported cause of action

16  alleged therein, is barred in that plaintiff is estopped by his conduct to claim any right to

17  damages or relief against Defendant.

## Tenth Separate and Affirmative Defense

### (Waiver)

20      10.     Any recovery on plaintiff's Complaint, or any purported cause of action

21  alleged therein, is barred by the doctrine of waiver.

## Eleventh Separate and Affirmative Defense

### (Laches)

24      11.     Defendant is informed and believes and on that basis alleges that plaintiff's

25  causes of action are barred in whole or in part by the doctrine of laches.

## Twelfth Separate and Affirmative Defense

### (Attorney's Fees)

28      12.     Defendant has engaged attorneys to represent it in the defense of plaintiff's

LACA_1911768.1

1 │ frivolous, unfounded and unreasonable action and is thereby entitled to an award of

2 │ reasonable attorney's fees pursuant to CAL. GOV'T CODE § 12965 upon judgment in its

3 │ favor.

### Thirteenth Separate and Affirmative Defense

### (Provision of COBRA Notification)

6 │    13.    Defendant provided to plaintiff notice of his continuation rights under

7 │ COBRA via certified mail to the last known address on file for plaintiff, and has thus

8 │ complied with its legal obligations to provide plaintiff notice of his right to continue

9 │ health care benefits at his own expense.

### Fourteenth Separate and Affirmative Defense

### (Good Faith)

12 │    14.    All employment actions taken by Defendant were made without malice, in

13 │ good faith and for legitimate, non-discriminatory and non-retaliatory business reasons.

### Fifteenth Separate and Affirmative Defense

### (After-Acquired Evidence and Unclean Hands)

16 │    15.    That to the extent during the course of this litigation Defendant acquires

17 │ any evidence of wrongdoing by plaintiff and the wrongdoing would have materially

18 │ affected the terms and conditions of plaintiff's employment or would have resulted in

19 │ plaintiff either being demoted, disciplined or terminated, such after-acquired evidence

20 │ shall bar plaintiff's claim on liability or damages or shall reduce such claim or damages

21 │ as provided by law.

### Sixteenth Separate and Affirmative Defense

### (Avoidable Consequences Doctrine)

24 │    16.    That at all times relevant, Defendant promulgated an anti-discrimination

25 │ and anti-retaliation policy and complaint procedure which was communicated to plaintiff,

26 │ and about which plaintiff received training, and Defendant otherwise exercised

27 │ reasonable care to prevent and correct promptly any inappropriate conduct.  Plaintiff

28 │ unreasonably failed to take advantage of the established complaint procedures, failed to

4

ANSWER TO COMPLAINT
CASE NO. SCV 242917

take advantage of other preventive or correction opportunities provided by Defendant, and otherwise failed to avoid harm.

### Seventeenth Separate and Affirmative Defense

### (Right to Assert Additional Affirmative Defenses)

17.    Litigation is at an early stage and Defendant's investigation of the allegations raised in plaintiff's Complaint is continuing.  Accordingly, Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant Santa Rosa Memorial Hospital hereby prays for judgment as follows:

1.    That plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;

2.    That Defendant be awarded its costs of suit incurred herein, including reasonable attorney's fees; and

3.    For such other relief that the Court deems just and proper.

DATE: AUGUST 28, 2008

FOLEY & LARDNER LLP
KEVIN F. WOODALL
CHRISTOPHER G. WARD

By: _____
KEVIN F. WOODALL
ATTORNEYS FOR DEFENDANT SANTA ROSA
MEMORIAL HOSPITAL

ANSWER TO COMPLAINT
CASE NO. SCV 242917

LACA_1911768.1

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen and not a party to this action; my current business address is One Maritime Plaza, Sixth Floor, San Francisco, CA  94111-3409.

On August 28, 2008, I served the attached document(s) described as **DEFENDANT SANTA ROSA MEMORIAL HOSPITAL'S ANSWER TO COMPLAINT** on the interested party(ies) in this action by the following means:

I placed a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

David M. Poore
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, CA  94954

   BY U.S. MAIL

   _X_    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Francisco, California.  I placed the envelopes for collection and mailing on the above date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 28, 2008, at San Francisco, California.

Charisse Goodman

SFCA_1451962.1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action; my current business address is One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409.

On September 2, 2008, I served the attached document(s) described as **DEFENDANT SANTA ROSA MEMORIAL HOSPITAL'S NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)** on the interested party(ies) in this action by the following means:

I placed a true copy thereof enclosed in a sealed envelope addressed as follows:

David M. Poore
Kahn Brown & Poore LLP
755 Baywood Drive, Suite 185
Petaluma, CA 94954

BY U.S. MAIL

<u>X</u>    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Francisco, California. I placed the envelopes for collection and mailing on the above date following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on September 2, 2008, at San Francisco, California.

_____
Charisse Goodman