IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TSEGAI HAILE,

    Plaintiff,

  v.

SANTA ROSA MEMORIAL HOSPITAL, et al.,

    Defendants.

                          /

No. C-08-4149 MMC

**ORDER AFFORDING PLAINTIFF OPPORTUNITY TO FILE SUR-REPLY; CONTINUING HEARING**

      Before the Court is defendant Santa Rosa Memorial Hospital's ("SRMH") Motion for Partial Summary Judgment, filed February 4, 2009, in which SRMH argues, inter alia, that certain of plaintiff Tsegai Haile's ("Haile") employment discrimination claims are barred, in whole or in part, by the applicable statutes of limitations.

      In his opposition, Haile argues a triable issue exists as to whether his failure to timely file suit after his receipt of a right-to-sue letter with respect to his initial charge of discrimination should be excused pursuant to the doctrine of equitable exception. In particular, Haile asserts that after the receipt of such letter, he filed a second EEOC charge and was told by an EEOC investigator that his prior charge "would be 're-opened,'" that the EEOC "would be investigating the 'entire case,' including both charges," and that "there was no need to file any legal action in response to the first Right-to-Sue letter because the EEOC was investigating all the allegations, and any time period would be 'tolled' during the

EEOC investigation." (See Haile Decl. ¶ 8)[1]; see also Rodriguez v. Airborne Express, 265 F.3d 890, 901 (9th Cir. 2001) (noting, in context of exhaustion requirements, doctrine of equitable exception "may excuse noncompliance" when noncompliance "can be attributed to the administrative agency . . . charged with processing [the plaintiff's] complaint").

In its reply, SRMH argues that the doctrine of equitable exception applies only to a plaintiff's failure to exhaust administrative remedies, not to a failure to comply with the statute of limitations, and that, in any event, Haile was represented by counsel at the time of the representations of the EEOC investigator, thereby precluding him from invoking the doctrine in the instant action. (See Haile Decl. Ex. A ("Intake Questionnaire"), at unnumbered 5); see also Rodriguez, 265 F.3d at 902 (noting "[t]he equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time").

As the issue of equitable exception was first raised in Haile's opposition, and thus the above-referenced argument by SRMH was first raised in its reply, Haile has not had an opportunity to respond to said argument. Accordingly, the Court will afford Haile an opportunity to file a sur-reply. Any such sur-reply shall be filed no later than March 25, 2009 and shall not exceed 10 pages in length, exclusive of exhibits and/or declarations.

In light of the above, the hearing scheduled for March 13, 2009 is hereby CONTINUED to April 17, 2009.

**IT IS SO ORDERED.**

Dated: March 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Contrary to SRMH's argument, such statements are not hearsay, as they are not offered "to prove the truth of the matter asserted," see Fed. R. Evid. 801(c), but, rather, to explain Haile's delay in filing the instant action. Accordingly, SRMH's objection to such statements is OVERRULED.

2