IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGAI HAILE,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, et al.,<br><br>    Defendants.<br>_____ / | No. C-08-4149 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SANTA ROSA MEMORIAL HOSPITAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DISMISSING DEFENDANT ST. JOSEPH HEALTH SYSTEM SONOMA COUNTY** |

Before the Court is defendant Santa Rosa Memorial Hospital's ("SRMH") Motion for Partial Summary Judgment, filed February 4, 2009.[1] On February 20, 2009, plaintiff Tsegai Haile ("Haile") filed opposition, and on February 27, 2009, SRMH filed a reply. On March 10, 2009, the Court afforded Haile an opportunity to file a sur-reply, and on March 25, 2009, Haile filed a sur-reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for April 17, 2009, and rules as follows.

**BACKGROUND**

In the instant action, Haile alleges SRMH, his former employer, discriminated

---

[1] In addition to SRMH, the complaint names St. Joseph Health System Sonoma County ("St. Joseph") as a defendant to the action. In their Joint Report filed December 3, 2008, Haile and SRMH agreed that St. Joseph is not a proper party to the action and stated they would file a stipulation dismissing St. Joseph as a defendant. To date, no such stipulation has been filed. There is no evidence in the record, however, suggesting St. Joseph has been served, nor has any appearance been made on behalf of said defendant, and far more than 120 days have passed since the filing of the complaint. Accordingly, with respect to St. Joseph, the action is hereby DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

against him and ultimately terminated him on the basis of his race, national origin, gender and age, failed to prevent such discrimination, and retaliated against him for complaining about such discrimination, in violation of Title VII, 42 U.S.C. § 2000 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., California's Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code § 12940 et seq., and California Health and Safety Code § 1424. Haile also alleges state law causes of action for intentional infliction of emotional distress and wrongful termination, as well as a cause of action for failure to comply with the notice requirements of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166.

The following facts are undisputed.

On December 29, 2005, while still employed at SRMH, Haile filed a Charge of Discrimination ("First Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), which charge, in relevant part, stated:

> I am employed as a Staff Nurse III with Respondent. On February 23, 2005, I was promoted to Staff Nurse III but I was qualified to be promoted to Staff Nurse IV. Less qualified White females under 40 years of age are working in Staff Nurse IV positions. On May 2, 2005, I complained about employment discrimination to the Human Resources Director, but nothing was done about it. In May 2005, my "clinical ladder" was taken from me and my wage was reduced by 5% for two weeks. On August 1, 2005, I was sexually harassed by Ken Jones, the Director of Nursing, when Jones hugged me in the hall. On October 22, 2005, I was removed from my Lead position and lost the salary differential that went with the position. On October 25, 2005, I was put on an Action Plan for performance reasons. On November 17, 2005 I was threatened with discharge.

(See Def.'s App'x of Evid. Ex. C.) The EEOC referred the charge to the California Department of Fair Housing and Employment ("DFEH"), which, on January 13, 2006, deferred to the EEOC for purposes of investigation thereof (see id. Ex. D) and issued Haile a Right to Sue Notice (see id.). On May 26, 2006, the EEOC issued Haile a similar notice. (See id. Ex. E.) In the interim, on May 23, 2006, SRMH terminated Haile's employment. (See Jauregui Decl. ¶ 5.) On May 31, 2006, Haile filed a second Charge of Discrimination ("Second Charge") with the EEOC, which charge, in relevant part, stated:

> I worked for Respondent since 1995 as a staff nurse. I had complained to Respondent regarding violations of the Civil Rights Act and I filed with the Equal Employment Opportunity Commission in December 2005. I believe that because

2

> EEOC terminated the investigation of [the First Charge] I was terminated. I was terminated on May 23, 2006 in retaliation for filing a charge.

(See Def.'s App'x of Evid. Ex. F.) The EEOC investigated Haile's Second Charge and, on March 12, 2008, issued Haile a Dismissal and Notice of Rights. (See id. Ex. G.) On May 23, 2008, Haile filed the instant action in state court, and, on September 2, 2008, SRMH removed the action to district court.

By the instant motion, SRMH seeks summary judgment on Haile's First Cause of action (Race Discrimination), Second Cause of Action (National Origin Discrimination), Third Cause of Action (Gender Discrimination), Fifth Cause of Action (Age Discrimination), and Seventh Cause of Action (Failure to Prevent Discrimination), on the ground that Haile failed to file such claims within the applicable limitations periods after receiving right to sue notices from the DFEH and EEOC in connection with his First Charge. SRMH also seeks summary judgment as to those portions of Haile's Fourth Cause of Action (Retaliation), Sixth Cause of Action (Intentional Infliction of Emotional Distress), and Eighth Cause of Action (Wrongful Termination in Violation of Public Policy) that are based on allegations contained in Haile's First Charge. Lastly, SRMH seeks summary judgment on Haile's Tenth Cause of Action (Violations of COBRA), on the ground that it complied with the requirements of COBRA.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." See Celotex, 477 U.S. at 324 (internal quotation and citation omitted). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted). "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

## DISCUSSION

**A.     Statutory Claims**

SRMH argues that to the extent Haile's claims of discrimination and retaliation are based on allegations other than Haile's alleged firing in retaliation for having filed a previous EEOC charge, such claims are barred by the applicable statutes of limitations, for the reason that Haile received notice of his right to sue with respect to such claims on May 26, 2006 but failed to bring suit until May 23, 2008. See 42 U.S.C. § 2000e-5(f)(1) (providing action under Title VII must be brought "within ninety days after the giving of [notice of right to sue]"); 29 U.S.C. § 626(e) (providing action under ADEA must be brought "within 90 days after the date of the receipt of [notice of right to sue]"); Cal. Gov't Code § 12965(b) (providing action under FEHA must be brought "within one year from the date of [notice of right to sue]"). Haile does not dispute that he failed to initiate the instant action within the applicable limitations periods after receiving notice of his right to sue with respect to his First Charge. Haile argues, however, that a triable issue exists as to whether he should be equitably excused from failing to do so. As set forth below, the Court agrees.

Relying on Rodriguez v. Airborne Express, 265 F.3d 890 (9th Cir. 2001), Haile argues that a failure to comply with the above-referenced statutes of limitations may be excused where such failure is caused by a plaintiff's reasonable reliance on statements of

an EEOC investigator. In Rodriguez, the Ninth Circuit held "[t]he equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." See id. at 902. Here, Haile has presented evidence that after he filed his Second Charge, he was told by an EEOC investigator that his First Charge "would be 're-opened,'" that the EEOC "would be investigating the 'entire case,' including both charges," and that "there was no need to file any legal action in response to the first Right-to-Sue letter because the EEOC was investigating all the allegations, and any time period would be 'tolled' during the EEOC investigation." (See Haile Decl. ¶ 8.)[2] Additionally, Haile has presented evidence that, in waiting to file suit, he reasonably relied on the above-referenced statements of the EEOC investigator (see id. ¶ 9), and, further, that he "confirmed" with subsequent investigators assigned to his claims that "the scope of the investigation included all of [his] charges" (see id. ¶ 10).

As SRMH points out, the Ninth Circuit's holding in Rodriguez was made in the context of a failure to exhaust administrative remedies, rather than a failure to timely file suit, see Rodriguez, 265 F.3d at 902, and the other cases on which plaintiff relies likewise were decided in the context of exhaustion, see Albano v. Schering-Plough Corp., 912 F.2d 384, 387 (9th Cir. 1990); Denney v. Universal City Studios, Inc., 10 Cal. App. 4th 1226, 1234 (1992).

A review of such cases, however, does not end the Court's analysis. In particular, there is a body of case authority that discusses equitable tolling with respect to the time for filing a complaint where the plaintiff has been misled by the EEOC.[3] Although, in those

---

[2] As the Court noted in its order of March 10, 2009, such statements do not constitute hearsay. (See Order filed Mar. 10, 2009 at 2 n.1.)

[3] Depending on the circumstances of the individual case, courts of appeals have referred to the equitable considerations Haile seeks to invoke as equitable "tolling," equitable "exception," and equitable "excuse." See Rodriguez, 265 F.3d at 901 n.11.

5

cases, the courts generally found the right-to-sue notice itself was insufficient to inform the plaintiff of his or her obligation to bring suit within the statutory period, the rationale for allowing the delayed filing of the complaints at issue therein was the plaintiff's reasonable reliance on misleading information provided by the EEOC. See Browning v. AT&T Paradyne, 120 F.3d 222, 227 (11th Cir. 1997) (applying "equitable tolling" where plaintiff misled by notice and by statements of EEOC investigator to plaintiff's attorney); Page v. U.S. Indus., Inc., 556 F.2d 346, 351 (5th Cir. 1977) (applying "equitable considerations" where letters received by plaintiff were, respectively, "ambiguous" and "misleading"); Zambuto v. Am. Tel. & Tel. Co., 544 F.2d 1333, 1335 (5th Cir. 1977) (finding notice was "patently misleading as to the completion of agency action"); Gates v. Georgia-Pacific Corp., 492 F.2d 292, 295 (9th Cir. 1974) (finding "as a result of the Commission's error, [plaintiff] was confused"). Indeed, in Page, the court went on to state that even if the letter at issue "served as adequate notice," the court "could not ignore the misleading effect" of a subsequent letter sent to the plaintiff by the EEOC, which letter "explicitly informed [the plaintiff] that she had 90 days from the date of that letter to file suit." See Page, 556 F.2d at 351 (noting plaintiff "was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters"). Although the asserted misleading communication in the instant action was oral in nature rather than written, that distinction, for purposes of equitable considerations, is not dispositive. See, e.g., Albano, 912 F.2d at 388 (granting equitable relief on basis of plaintiff's "conversations with the EEOC").

SRMH next argues that, even if a plaintiff may be equitably excused from timely filing suit on the basis of statements of an EEOC investigator, Haile was represented by counsel at the time of the statements herein, thereby precluding him from obtaining such equitable relief. As Haile notes, however, the evidence upon which SRMH relies is ambiguous (see Haile Decl. Ex. A ("Intake Questionnaire") at unnumbered 5 (listing name of attorney but stating such attorney was "not involved so far")), and Haile has presented evidence that he was, in fact, acting pro se "during the EEOC's investigation and

1 proceedings" (see Supplemental Haile Decl. ¶ 3).[4]

Accordingly, the Court finds a triable issue exists as to whether Haile's statutory claims, specifically, his First, Second, Third, Fourth, Fifth, and Seventh Causes of Action, are time-barred, and, consequently, to the extent SRMH seeks summary judgment on such causes of action, SRMH's motion will be denied.[5]

**B.    Common Law Claims**

SRMH argues it is entitled to summary judgment on Haile's common law claims for wrongful termination and intentional infliction of emotional distress to the extent such claims are based on allegations contained in Haile's First Charge. Specifically, SRMH contends, where such claims are based on "FEHA or Title VII allegations," the claims "cannot survive if the underlying discrimination allegations fail." (See Reply at 12:11-16.) As discussed above, however, the Court has found a triable issue exists as to whether Haile's statutory claims are time-barred.

Accordingly, to the extent SRMH seeks summary judgment as to Haile's Sixth and Eighth Causes of Action, SRMH's motion will be denied.

**C.    COBRA Claim**

SRMH argues it is entitled to summary judgment on Haile's claim that SRMH "failed to provide [Haile] with . . . a COBRA notice" (see Compl. ¶ 95), for the reason that, even if Haile never received such notice, SRMH complied with its obligations under COBRA by causing such notice to be sent to Haile's address by first class mail. See DeGruise v. Sprint Corp., 279 F.3d 333, 337 (5th Cir. 2002) (holding "the law requires only that the

---

[4] The Court finds unavailing SRMH's argument that it will be prejudiced if Haile is afforded equitable relief herein and that Haile has acted in bad faith. SRMH, however, has presented no evidence of prejudice or bad faith, and to the extent SRMH argues Haile has no evidence of lack of prejudice or good faith, SRMH's argument likewise is unavailing. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000) (holding, on summary judgment, "[a] moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence").

[5] In light of such finding, the Court does not reach Haile's alternative argument that the allegations in the two charges and in the complaint are reasonably related.

employer make a good faith attempt to comply with [COBRA's] notification provision"; noting "'[g]ood faith' can be demonstrated in a variety of ways," including "send[ing] a letter via first class mail"). In support of such argument, SRMH has presented evidence that TRI-AD, the benefits administration firm retained by SRMH to send COBRA notices, sent the required notice to Haile on May 26, 2006. (See Schulz Decl. ¶ 8; Def.'s App'x of Evid. Ex. H.) In response, Haile states he never received the notice and that such notice was not provided to him at his "termination meeting" and is not contained in his personnel file or among the documents produced by SRMH in the instant action. (See Haile Decl. ¶ 14.) Haile has cited no authority, however, and the Court is aware of none, suggesting such evidence is sufficient to create a triable issue as to whether SRMH failed to comply with its obligations under COBRA.

Accordingly, to the extent SRMH seeks summary judgment on Haile's Tenth Cause of Action, SRMH's motion will be granted.

## CONCLUSION

For the reasons stated above, SRMH's motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent SRMH seeks summary judgment on Haile's Tenth Cause of Action, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 15, 2009

MAXINE M. CHESNEY
United States District Judge

8