1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TSEGAI HAILE,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA ROSA MEMORIAL HOSPITAL; ST. JOSEPH HEALTH SYSTEM SONOMA COUNTY, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 08-CV-4149 MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL DISCOVERY RESPONSES AND TO COMPEL INDEPENDENT MENTAL EXAMINATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS**<br><br>JUDGE:  HON. ELIZABETH D. LAPORTE |

On August 25, 2009, the following motions filed by Defendant Santa Rosa Memorial Hospital came on regularly for hearing:

1. Defendant's Motion to Compel Discovery Responses;

2. Defendant's Motion for Sanctions; and

3. Defendant's Motion to Compel Independent Mental Examination.

David M. Poore appeared on behalf of Plaintiff and Kevin F. Woodall appeared on behalf of Defendant.

After reviewing the moving and opposition papers and considering the arguments of counsel with respect to all three motions, the Court rules as follows:

## I. Defendant's Motion to Compel Discovery

In its Motion to Compel Discovery Responses, Defendant requested the Court compel Plaintiff to provide responses to its Interrogatories and Requests for Admission after Plaintiff failed to serve responses when due.

Defendant's Motion to Compel Discovery Responses is HEREBY GRANTED. The Court acknowledges that Plaintiff served responses to Defendant's Interrogatories and Requests for Admission prior to the Court's ruling today. However, the Court finds that Plaintiff has not appropriately responded to Defendant's Interrogatories and therefore ORDERS Plaintiff to provide a supplemental response to Defendant's Interrogatories on or before Friday, August 28, 2009. The Court further ORDERS that Plaintiff will prepare a two-paragraph statement in his supplemental response for each witness identified by Plaintiff in response to Defendant's Interrogatories that sets forth the specific facts of which Plaintiff believes each witness has knowledge, if no such statement has previously been provided.

The Court further ORDERS that Defendant may take additional depositions up to five of witnesses identified in Plaintiff's interrogatory responses without violating the June 26, 2009 fact-discovery cutoff imposed by the Court. Defendant shall complete the depositions by October 9, 2009. Plaintiff may not engage in further fact discovery.

## II.     Defendant's Motion for Sanctions

In connection with its Motion to Compel Discovery Responses, Defendant requested the Court impose monetary sanctions against Plaintiff for requiring Defendant to bring a motion to compel discovery.  Defendant also requested the Court deem admitted the facts contained in each of Defendant's Request for Admission as required by Fed. R. Civ. P. 36(a)(3) and further preclude Plaintiff from calling as a witness at trial any individual identified by Plaintiff in his responses to Defendant's Interrogatories.

The Court GRANTS IN PART and DENIES IN PART Defendant's Motion.  The Court GRANTS Defendant's Motion with respect to the requested monetary sanctions and orders Plaintiff and his counsel to pay to Defendant $4,312.50 in monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5).  The Court DENIES Defendant's request that Plaintiff be precluded from calling as witnesses at trial any individuals identified by Plaintiff in his Interrogatory responses.  The Court has granted Defendant's Motion to Compel Discovery responses and has afforded Defendant additional time to depose witnesses identified by Plaintiff.  The Court deems this an appropriate resolution to Plaintiff's failure to serve Interrogatory responses before the fact-discovery cutoff.

The Court further GRANTS Defendant's request that the matters contained in its Requests for Admission be deemed admitted.  While the Court did not hear any oral argument on this issue, the Parties fully briefed the matter in their moving and opposition papers.  Because Plaintiff did not serve responses to Defendant's Requests when due, by operation of law under Fed. R. Civ. P. 36(a)(3), Plaintiff has admitted all matters contained in Defendant's Requests for Admission.

## III.    Defendant's Motion to Compel Independent Mental Examination

In its final motion, Defendant requests the Court compel Plaintiff to submit to a mental examination.  The Court hereby GRANTS this motion on the basis that Plaintiff has pled an independent cause of action for Intentional Infliction of

| | |
|---|---|
| 1 | Emotional Distress, and has therefore placed his mental state at issue such that |
| 2 | there is good cause to compel the examination.  Fed. R. Civ. P. 35; *Schlagenhauf v.* |
| 3 | *Holder*, 379 U.S. 234, 242, 243 (1964); *Ford v. Contra Costa County*, 179 F.R.D. |
| 4 | 579, 580 (N.D. Cal. 1998). |
| 5 | Plaintiff shall be examined by Defendant's retained expert, Stephen M. |
| 6 | Raffle, M.D. at Dr. Raffles' office located at Oakland Civic Center, 300 Frank H. |
| 7 | Ogawa Plaza, Suite 700, Oakland, California 94612.  The examination shall occur |
| 8 | on or before September 14, 2009 at a date mutually available for Dr. Raffle and for |
| 9 | Plaintiff.  The psychiatric examination will begin in the morning and will last |
| 10 | between three and four hours, and will be either preceded or followed, at Dr. |
| 11 | Raffles' discretion, by the administration of the Minnesota Multiphasic Personality |
| 12 | Inventory (MMPI-2), which will last between one to two hours.  No counsel for |
| 13 | either party shall be present at any time.  In the event, however, that Plaintiff |
| 14 | dismisses his Intentional Infliction of Emotional Distress claim, Plaintiff will not |
| 15 | be required to submit to an Independent Mental Examination as set forth above. |

IT IS SO ORDERED.

DATED: September 1, 2009

_____
HON. ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

~~APPROVED AS TO FORM~~:

~~DATE:~~ _____

~~DAVID POORE~~
~~ATTORNEYS FOR PLAINTIFF~~

3
ORDER
CASE NO. 08-CV-4149 MMC

CHIC_4415417.1