IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TSEGAI HAILE,

        Plaintiff,

v.

SANTA ROSA MEMORIAL HOSPITAL,

        Defendant.
                                 /

No. C-08-04149 MMC (EDL)

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS**

      In connection with prior discovery motions filed by Defendant on July 8, 2009, the Court granted Defendant's Motion to Compel, granted Defendant's Motion to Compel an Independent Medical Examination and granted in part Defendant's Motion for Sanctions. Among other things, the Court ordered Plaintiff to serve supplemental discovery responses and to supply a statement from each witness identified in Plaintiff's discovery responses regarding the substance of that witness's testimony no later than August 28, 2009.

      On September 15, 2009, Defendant filed a motion to compel discovery responses based on Plaintiff's failure to timely comply with the Court's prior order, and a motion for sanctions seeking monetary and evidentiary sanctions. The Court agreed to hear the motions on shortened time on October 6, 2009. For the reasons stated at the hearing and in this Order, the Court grants Defendant's Motion to Compel and grants in part Defendant's Motion for Sanctions.

**Motion to Compel**

      By August 31, 2009, Defendant's counsel had not received the court-ordered supplemental discovery responses from Plaintiff that were due on August 28, 2009. See Ward Decl. ¶ 11. In an email communication between Plaintiff's counsel and Defendant's counsel relating to other issues in this case, Defendant's counsel eventually corresponded with Plaintiff's co-counsel, Douglas Watts

1 and asked him to look into the status of the supplemental discovery ordered by the Court. See Ward

2 Decl. Ex. F. Mr. Watts agreed, but did not communicate any further with Defendant's counsel about

3 it. See Ward Decl. ¶ 11.

4 On September 14, 2009, Defendant's counsel emailed Plaintiff's counsel regarding the

5 failure to serve the supplemental discovery responses ordered by the Court. See Ward Decl. Ex. H.

6 On that day, Plaintiff's counsel responded that the discovery responses were served "some time

7 ago," and that he would resend them that day. See id. On September 14, 2009, Plaintiff faxed the

8 responses, which were dated August 26, 2009. See Poore Decl. ¶¶ 6, 8; Ex. A.

9 Plaintiff argues that Defendant's communication with Mr. Watts, who is not counsel of

10 record, was improper. However, Defendant has provided evidence to the contrary. Mr. Watts

11 represented Plaintiff at all three days of his deposition, and represented two other EEOC

12 investigators at their depositions. See Second Ward Decl. ¶¶ 5-6. Further, Mr. Watts communicated

13 on Plaintiff's behalf during the meet and confer process regarding Defendant's motion to compel in

14 July 2009, and appeared with counsel of record at the mediation in August 2009. See Watts Decl. ¶

15 2; Ward Decl. Ex. L, M. At Plaintiff's deposition, Mr. Watts handed out a business card identifying

16 him as "of counsel" at Kahn Brown & Poore that stated in handwriting, "for Plaintiff Haile." See

17 Ward Decl. Ex. K. Defendant notes that Plaintiff's counsel has never indicated that contacting Mr.

18 Watts was inappropriate. See Ward Decl. ¶ 8.

19 Defendant argues persuasively that Plaintiff's supplemental responses are inadequate

20 because they are not signed by Plaintiff and do not comply with the Court's Order that Plaintiff

21 provide written statements describing each witness's testimony. First, the failure to have Plaintiff

22 sign or otherwise verify the responses is in violation of Federal Rule of Civil Procedure 33(b)(5).

23 Second, Plaintiff's supplemental responses were deficient in that Plaintiff failed to provide a detailed

24 description of each witness's anticipated testimony as previously ordered by the Court. See Sept. 1,

25 2009 Order at 1 ("The Court further ORDERS that Plaintiff will prepare a two-paragraph statement

26 in his supplemental response for each witness identified by Plaintiff in response to Defendant's

27 Interrogatories that sets forth the specific facts of which Plaintiff believes each witness has

28 knowledge if no such statement has previously been provided."). For example, there are no witness

1 statements from witnesses Lisa Gonzales and Anne Banner, and Plaintiff provided only vague
2 descriptions of their anticipated testimony in his discovery responses.

3 Accordingly, Defendant's Motion to Compel is granted. Plaintiff shall provide a signed copy
4 of the discovery responses pursuant to Rule 33(b)(5). Plaintiff claims that he has produced all
5 information regarding the witnesses he disclosed that he has or can obtain. Therefore, no later than
6 October 14, 2009, Plaintiff's counsel shall provide a declaration to Defendant stating, if accurate,
7 that Plaintiff has no further witness contact information in his possession, custody or control other
8 than that already provided to Defendant, and that Plaintiff has no way of locating the witnesses other
9 than the information in the witness statements. The Court encourages the parties to meet and confer
10 regarding the witness list to determine if all the witnesses will actually be called at trial.

11 **Motion for Sanctions**

12 Defendant seek monetary sanctions of $8,260.00, which represents the fees expended in
13 briefing two discovery motions and a motion to shorten time, and in attending the hearing.
14 Defendant also seeks payment of the $4,312.50 that was awarded to Defendant in the September 1,
15 2009 Order. As stated at the hearing, Plaintiff shall pay the court-ordered sanctions of $4,312.50 no
16 later than October 15, 2009.

17 Sanctions are appropriate under Federal Rule of Civil Procedure 37(b), which applies when a
18 party fails to comply with a court order regarding discovery. Under that Rule, the Court may issue
19 evidentiary sanctions, as well as fees and costs unless the failure to comply with the court order was
20 substantially justified or other circumstances make an award of expenses unjust.

21 Plaintiff argues that an award of monetary sanctions is not appropriate because Defendant
22 failed to meet and confer before filing this motion, and Plaintiff faxed the interrogatory responses
23 the same day that counsel became aware that responses had not been served. However, as described
24 above, Defendant attempted to resolve this discovery issue by properly communicating with Mr.
25 Watts. Further, even though Plaintiff served the responses immediately on September 14, 2009, they
26 were deficient, justifying sanctions for failure to comply with a court order. Plaintiff has made no
27 showing that the failure to comply with the Court's Order was substantially justified, or that other
28 circumstances make an award of expenses unjust.

3

1       Although the hourly rate claimed by Defendant is reasonable, the number of hours spent by Defendant on these motions is somewhat excessive.  First, the Court notes that Defendant's attorney's fees for the current two substantive motions and the motion to shorten time are almost double the amount Defendant sought in connection with the last round of three substantive motions, largely due to more hours claimed.  Second, there are specific billing amounts that are unreasonable. For example, Defendant states that one attorney spent 1.3 hours "researching the proper manner in which to seek expedited consideration of a motion in the Northern District of California." See Ward Decl. ¶ 22.  The time spent on this task was not reasonable and therefore, $455.00 will be deducted from the monetary sanctions sought.  As another example, Mr. Ward stated in his July 8, 2009 declaration in connection with the prior round of motions that he spent ten hours preparing the motion to compel, the supporting documentation and the reply to the motion, and attending the hearing.  See Ward Decl. in Supp. of Mot. for Sanctions (July 8, 2009) ¶ 21.  In connection with the current motions, Mr. Ward states that he spent twelve hours drafting two substantive motions and a motion to shorten time along with a supporting declaration and that Mr. Woodall spent 1.3 hours reviewing and providing additional drafting of the moving papers and nine hours preparing replies to the motions and attending hearings, for a total of 22.3 hours.  See Ward Decl. ¶ 22.  The Court is not convinced that 22.3 hours is reasonable in light of the fact that the current motions were based on work already done in connection with the last round of motions.  Accordingly, the Court reduces the number of hours for briefing and attending the hearing in this matter to 18, thereby reducing the monetary sanctions sought by $1,505.00.

      Accordingly, Defendant's Motion for Sanctions is granted in the amount of $6,300.00. Sanctions are payable no later than November 6, 2009.  The Court denies without prejudice Defendant's motion to the extent Defendant sought exclusion of Plaintiff's witnesses because it is not clear at this point what prejudice Defendant will suffer, if any.

**IT IS SO ORDERED.**
Dated: October 7, 2009

                                                                               _____
                                                                             ELIZABETH D. LAPORTE
                                                                             United States Magistrate Judge