IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TSEGAI HAILE,

        Plaintiff,

  v.

SANTA ROSA MEMORIAL HOSPITAL,

        Defendant.
_____/

No. C-08-04149 MMC (EDL)

**ORDER DENYING PLAINTIFF'S MOTION TO HAVE ADMISSIONS WITHDRAW OR AMENDED**

On September 15, 2009, Plaintiff filed a letter seeking to modify the Court's September 1, 2009 discovery order, arguing that the Court erred in granting Defendant's request that the matters contained in Requests for Admissions were deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). See Sept. 1, 2009 Order at 2. On September 16, 2009, Defendant filed a response to Plaintiff's September 15, 2009 letter. On September 22, 2009, the Court issued an order denying Plaintiff's request for modification of the September 1, 2009 Order, stating that:

> The Court carefully reviewed the proposed order submitted by Defendant following the August 25, 2009 hearing before signing it. Although the Court did not hear oral argument on the issue of the Requests for Admission, the issue was briefed, and the Order correctly reflects the automatic operation of Federal Rule of Civil Procedure 36(a)(3). See Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). In this case, because Plaintiff did not serve responses to Defendant's Requests for Admission when they were due, the Requests were deemed admitted. Plaintiff's recourse is to move to have the admissions withdrawn or amended pursuant to Federal Rule of Civil Procedure 36(b).

See Sept. 1, 2009 Order at 1-2. Thereafter, on October 22, 2009, Plaintiff filed this Motion to Have

1  Admissions Deemed Withdrawn or Amended.  The motion was fully briefed and the Court held a
2  hearing on December 1, 2009.  For the reasons stated at the hearing and in this Order, Plaintiff's
3  Motion is denied.

**Discussion**

If a party does not respond to Requests for Admission, the Requests are deemed admitted. See Fed. R. Civ. P. 36(a)(3).  A matter that is admitted under this Rule is conclusively established unless the court permits the admission to be withdrawn or amended.  See Fed. R. Civ. P. 36(b) ("Pursuant to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.").

Rule 36(b) is permissive, and a district court's ruling under the Rule is reviewed for abuse of discretion.  See Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007); see also 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).  Even if the two prongs of Rule 36(b) are satisfied, a court may still deny relief.  See id. at 624 ("Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so under the text of Rule 36(b).").  Specifically, ". . . in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."  See id. at 625.

**Presentation of the merits**

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" Conlon, 474 F.3d at 621 (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)).  In Conlon, the plaintiff alleged that the Parole Commission was negligent in issuing a warrant for his arrest which resulted in his incarceration.  See id. at 619.  The plaintiff failed to respond to Requests for Admission even though the government communicated with him about the consequences of failing to do so.  See id. at 619-20.  The Requests at issue included that the "issuance of the warrant was not caused by any negligent or wrongful act," that the "arrest was not caused by any negligent or wrongful act, and that

2

"no portion of incarceration was caused by any negligent or wrongful act." See id. at 620. The Conlon court found that Plaintiff satisfied the first prong of the Rule 36(b) analysis because the government had relied on the deemed admissions in its motion for summary judgment, which was granted. See id. at 622. The deemed admissions eliminated any need for presentation on the merits because by operation of Rule 36, the plaintiff had admitted that "neither the issuance of the warrant, his arrest or subsequent incarceration were caused by the negligent or wrongful acts of the defendant." See id.

Here, Plaintiff has not met the first prong of the Conlon test. Plaintiff argues that "the deemed admissions would result in terminating sanctions against plaintiff as to most of his discrimination, harassment and related claims on the statute of limitations grounds." Mot. at 5. For example, Request for Admission number 25 asks Plaintiff to admit that the "continued subjecting of you to discrimination, harassment, retaliation and unequal treatment in response to your complaints as stated in Paragraph 21 of your Complaint occurred prior to December 26, 2005." See Ward Decl. Ex. A. Plaintiff argues that if this Request is deemed admitted, there would be little need for presentation of the case on its merits, and it is also inaccurate because the termination took place months after that. See Reply at 4-5. However, the Requests reflect the allegations in Plaintiff's complaint. In addition, the Requests do not relate to Plaintiff's termination, so he would not be precluded from presentation of evidence regarding the merits of his claim that he was unlawfully terminated. Moreover, Plaintiff partially defeated Defendant's Motion for Summary Judgment on the grounds that there were triable issues of fact as to whether Plaintiff should be equitably excused from failing to timely initiate this action. Those equitable arguments may still be presented at trial even if the Requests are deemed admitted. Defendants stated in their opposition and at the hearing that they will not seek an in limine order barring Plaintiff from presenting evidence relating to the timeframe of his allegations as a result of his admissions. See Opp. at n. 3. Under these circumstances, the deemed admissions will not "practically eliminate any presentation on the merits" of Plaintiff's claims.

**Prejudice**

Under the second prong of the Conlon test, the party relying on the deemed admission has

the burden of proving prejudice: "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Conlon, 474 F.3d at 622 (quoting Hadley, 45 F.3d at 1348) (internal citation omitted). In Conlon, the prejudice prong was met, even though it was a close question, because the government relied on the deemed admissions for two and one-half months, through discovery and dispositive motion cutoff dates, with no indication that the plaintiff intended to seek relief from those admissions. See id. at 624. Further, only eight days remained until trial when the district court issued its order denying the motion for relief. See id. With trial imminent, the government relied heavily on the admissions and conducted none of the discovery it otherwise would have to prove its case, and therefore, would have been prejudiced by granting the plaintiff's relief. See id.

Here, it is also a close question as to whether withdrawal of the deemed admissions would prejudice Defendant. Rather than provide any specific examples, Defendant states generally that "due to the information Plaintiff admitted in response to its RFAs, SRMH did not pursue certain avenues of discovery or seek to confirm from other witnesses the timing of certain allegations because it understood those facts to already be definitely established." Opp. at 8. However, the Ninth Circuit has been "reluctant to conclude that a lack of discovery, without more, constitutes prejudice," because "prejudice must relate to the difficulty a party may face in proving its case at trial." Conlon, 474 F.3d at 624. However, this case, like Conlon, involves more than a simple failure to comply with deadlines. Here, Plaintiff's responses to the Requests for Admissions were due in February 2009, and when Plaintiff did not respond, the Requests were automatically deemed admitted pursuant to Rule 36(a)(3). Thereafter, Defendant would have been reasonable to rely on those admissions for almost four months through the June 26, 2009 discovery cutoff date. There has been no showing that Plaintiff informed Defendant during that time that Plaintiff would seek relief from the deemed admissions. Moreover, Plaintiff delayed filing the current motion for approximately thirty days after the Court's September 22, 2009 Order informing him of the option to seek relief under Rule 36(b). Accordingly, Defendant suffered prejudice not only based on a lack of

4

discovery, but because of its reliance for several months through the discovery cutoff date on the deemed admissions, with no indication that Plaintiff would seek relief under Rule 36(b).

**Other factors**

In Conlon, even though the two prongs of Rule 36(b) were met, the court denied the motion for relief from deemed admissions. The court considered whether the plaintiff had good cause for his dilatory conduct and concluded that even though the plaintiff stated that he was out of touch with his lawyer during part of the time for answering the Requests for Admission, there was no showing of any serious medical condition or other emergency that illustrated the need for the relief from the deemed admissions. See Conlon, 474 F.3d at 625. The court determined that the government did not use the Requests for Admission to gain an unfair tactical advantage; the Requests for Admission were served well before the discovery cutoff date. See id. Further, the plaintiff had fair warning of the consequences of his noncompliance. See id.

Here, Plaintiff has not shown that he had good cause for his dilatory conduct, and there has been no showing that Defendant used the Requests for Admission to obtain an unfair advantage. Plaintiff's responses to the Requests for Admission were due in February 2009 after Defendant granted a two-week extension. Plaintiff's counsel states that his father fell gravely ill on May 22, 2009, which understandably necessitated counsel's temporary absence thereafter from his law practice to assist his family, but does not address the earlier period. Plaintiff also argues that from February 2009 through the onset of his father's illness, he could not respond to discovery due to the briefing schedule for Defendant's summary judgment motion. As the Court has previously stated, however, the summary judgment briefing schedule did not excuse untimely responses to discovery. Moreover, even if it did, Plaintiff could have responded to the Requests between February 21 and March 10, 2009 when Defendants were preparing their reply to the motion, or between March 25, 2009, when Plaintiff filed his surreply to Defendant's summary judgment motion, and May 22, 2009 when Plaintiff's father became ill. Further, as described above, Plaintiff's counsel delayed in bringing the current motion for thirty days after the Court's September 22, 2009 Order, despite having notice of this issue that was briefed in Defendant's July 2009 motion to compel. These other factors weigh against granting Plaintiff the relief he seeks.

**Conclusion**

Accordingly, Plaintiff's Motion to Have Admissions Deemed Withdrawn or Amended is denied.

**IT IS SO ORDERED.**

Dated: December 17, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge