IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGAI HAILE,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, et al.,<br><br>    Defendants.<br>_____ / | No. C-08-4149 MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FILED AUGUST 16, 2010, CONSTRUED AS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |

      The Court is in receipt of plaintiff Tsegai Haile's "Letter to the USDC Clerk," filed August 16, 2010, in which plaintiff requests that "the Clerk correct, and vacate (re-tax) its latest entry of costs taxed against appellant Tsegai Haile." Because the above-referenced document consists entirely of legal argument as to why the Clerk's taxation of costs was erroneous, the Court construes the document as a motion for review of the Clerk's action, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Having read and considered the motion, the Court hereby rules as follows.

      First, contrary to plaintiff's argument, the bill of costs was timely filed because it was filed fourteen days after the date on which judgment was entered against plaintiff. See Fed. R. Civ. P. 54(d)(1); Civil L.R. 54-1(a).

      Second, contrary to plaintiff's argument, plaintiff was timely served with the bill of costs, because plaintiff was represented by counsel on the date the bill of costs was filed

and plaintiff's counsel was electronically served with the bill of costs fourteen days after the date on which judgment was entered against plaintiff.  See Fed. R. Civ. P. 5(b)(1); Civil L.R. 54-1(a).

Third, contrary to plaintiff's argument, plaintiff's filing of a notice of appeal from the judgment did not divest the Clerk of jurisdiction to consider the bill of costs.  See Rothenberg v. Security Management Co., 677 F.2d 64 (11th Cir. 1982) (holding "costs may be taxed after a notice of appeal is filed").

Fourth, contrary to plaintiff's argument, plaintiff has failed to show that the bill of costs, or any request contained therein, is "fraudulent" or that any defendant engaged in "misconduct" in connection with the bill of costs or otherwise.

Lastly, contrary to plaintiff's argument, defendants are "presum[ed]" to be entitled to taxable costs, and plaintiff has failed to show that "severe injustice will result" if the presumption is not rebutted.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (holding "presumption itself provides all the reason a court needs for awarding costs"); see also Document No. 217 (Ninth Circuit's denial of plaintiff's motion to proceed in forma pauperis).

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 25, 2010

MAXINE M. CHESNEY
United States District Judge