IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGAI HAILE, | No. 08-4149 MMC |
| Plaintiff, | **ORDER DENYING MOTION FOR ATTORNEY'S FEES** |
| v. | |
| SANTA ROSA MEMORIAL HOSPITAL, et al., | |
| Defendants | |

On February 24, 2010, following a jury trial, judgment was entered in favor of defendant Santa Rosa Memorial Hospital ("SRMH") and against plaintiff Tsegai Haile ("Haile"). Now before the Court is SRMH's Motion for Attorney's Fees, filed April 9, 2010 ("Motion").[1] No opposition has been filed. Rather, on April 16, 2010, Haile filed a Notice of Appeal from the judgment. Although the appeal remains pending, the Court has jurisdiction to address SRMH's motion for fees, see Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) (holding district court retains jurisdiction to award attorney's fees after notice of appeal from decision on merits filed), and, having read and

---

[1] Ordinarily, a motion for attorney's fees must be brought within 14 days of entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i); Civil L.R. 54-5(a). By order filed March 10, 2010, the Court approved the parties' stipulation to extend the deadline to April 9, 2010. (See Doc. No. 170.)

considered the papers submitted in support thereof, rules as follows.

## LEGAL STANDARD

By the instant action, Haile, a former employee of SRMH, brought claims for both pre-termination and post-termination discrimination and retaliation under, <u>inter alia</u>, Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq. ("Title VII"), and the California Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code § 12940, et seq.[2] Under both Title VII and FEHA, a district court has discretion to award attorney's fees to a prevailing defendant, provided the plaintiff's claim was "frivolous, unreasonable, or without foundation," or the plaintiff "continued to litigate after it clearly became so." See <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421-22 (1978) (setting forth predicate for fees award; holding "subjective bad faith" not required); <u>Moss v. Associated Press</u>, 956 F. Supp. 891, 893 (C.D. Cal. 1996) (holding court's discretion in granting attorney's fees to prevailing defendant under FEHA "is governed by the Supreme Court's decision in <u>Christiansburg</u>").

## PROCEDURAL BACKGROUND

On May 23, 2008, Haile filed the instant complaint in state court, and, on September 2, 2008, SRMH removed the action to district court. On February 4, 2009, SRMH moved for summary judgment on all of Haile's pre-termination claims, on the ground said claims were time-barred, in that they were brought two years after Haile had received a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(f)(1) (providing action under Title VII must be brought "within ninety days after the giving of [notice of right to sue]"); Cal. Gov't Code § 12965(b) (providing action under FEHA must be brought "within one year from the date of [notice of right to

---

[2] Haile's complaint alleged discrimination and retaliation on the basis of race, national origin, gender and age.

2

sue]").[3]  The Court denied summary judgment, finding Haile had raised a triable issue as to whether he was entitled to equitable tolling of the limitations period, based on statements assertedly made to him by an EEOC investigator and on which he relied in delaying filing his complaint in district court.  See Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001) (holding "[t]he equities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time").  Thereafter, on February 9, 2010, the Court conducted a bench trial on the equitable issue and found Haile's pre-termination claims were time-barred for the reason they were not brought within the applicable statutes of limitation; in particular, the Court found Haile was not entitled to equitable tolling. (See Doc. No.153.)  The case then proceeded to trial solely on Haile's post-termination claims.

**DISCUSSION**

The instant motion for attorney's fees is based primarily on SRMH's contention that Haile's pre-termination claims were "indisputably time-barred at the time they were filed" (Mot. at 3:6-7) and that Haile "avoided judgment by misleading the Court with false statements signed under penalty of perjury" (Mot. at 3:13-14).[4]  SRMH predicates such argument on Haile's assertedly knowing misrepresentations to the Court in opposition to SRMH's motion for summary judgment, specifically, his declaration that (1) Eric Darius

---

[3] Haile received two separate right-to-sue letters.  The first was issued on his charge of pre-termination discrimination/retaliation and the second was issued on his separately filed charge that he was terminated for reasons of discrimination/retaliation.  The instant action was filed within two and a half months of the latter notice.

[4] Although SRMH also argues Haile unreasonably pursued until a late stage of the litigation his post-termination claims for age and sex discrimination under Title VII and FEHA, as well as a state common law claim for intentional infliction of emotional distress and a claim under the California Health & Safety Code, SRMH has not attributed an identifiable amount of time to its counsel's work on any of such claims.  (See Mot. at 6-7 (identifying pre-termination claims), 9 (noting "well over 70% of SRMH's counsel's time was devoted to understanding [those claims] and preparing to defend against them").)

3

("Darius"), an EEOC investigator assigned to his case, had told him the limitations period for his pre-termination claims would be "tolled" during the time the EEOC was investigating his termination claims and (2) at the time such statement was made to him, he "was not represented by legal counsel." (See Haile Decl. in Opp. to Def's Mot. for Summ. J. ¶ 8; Haile Suppl. Decl. in Supp. of Sur-Reply Re Opp. to Def's Mot. for Summ. J. ("Haile Suppl. Decl.") ¶ 2);

According to SRMH, Haile thereafter admitted at trial that (1) "no one at the EEOC ever told him the applicable limitations period would be 'tolled'" and (2) "he was receiving significant assistance from a local attorney." (Mot. at 3:22-4:3.) Further, according to SRMH, had Haile "not purposefully misled" SRMH and the Court, "the scope of this case for trial could have been substantially pared down as far back as March of 2009." (Mot. at 6:12-18.) As discussed below, although the Court agrees that Haile's testimony differed from his declarations, the Court is not persuaded either that Haile's trial testimony constituted a change in the evidence sufficient to have altered the course of the proceedings or that the differences reflect a conscious effort by Haile to mislead.

First, although Haile, in testifying at the bench trial, did admit that Darius hadn't used the word "tolled," Haile further testified that Darius had informed him that he didn't need to file an action within the ninety days "as long as we are investigating," and that Haile understood such statement to mean the limitations period was "tolled" during such time.[5]

Had Haile so attested in his declaration in opposition to SRMH's motion for summary judgment, the Court's ruling on that motion would not have changed. See Rodriguez, 265 F.3d at 902 (holding, for equitable tolling, claimant must show, inter alia, misinformation provided by administrative agency and claimant's reasonable reliance thereon). Further, although the Court, in finding Haile was not entitled to equitable tolling, ultimately accepted Darius's testimony as to the information he provided to Haile, and although the Court did

---

[5] Neither party has requested a transcript of the bench trial be prepared for purposes of the instant motion or the appeal. To the extent portions of the record are quoted herein, the Court has relied on its notes taken at the time of the subject proceedings.

4

not accept Haile's interpretation of those remarks, the Court expressly noted that it did not find Haile's testimony to be knowingly false.[6]

Second, although Haile, in his declaration, stated, in conclusory fashion, that he was "not represented by legal counsel" during the EEOC's investigation (see Haile Suppl. Decl.), his testimony thereafter is not clearly inconsistent with such statement. In particular, Haile testified that after he received the right-to-sue letter on his pre-termination claims, he endeavored to retain Thomas Kelly ("Kelly"), an attorney who had represented him in an earlier matter, but that Kelly said he could not represent Haile in the current matter as there was a potential conflict and, in any event, he was too busy to take the case. As described by Haile in his testimony, Kelly, at Haile's repeated urging, agreed to send two letters on Haile's behalf, the first to SRMH, requesting Haile's personnel file (see Bench Tr. Ex. II), and the second to the EEOC, requesting exhibits submitted to the EEOC by SRMH and also noting, "in passing," that SRMH had not relied on the correct case authority as to retaliation (Bench Tr. Ex. K). According to Haile's testimony, he did not receive any legal advice from Kelly nor was he charged for any work by Kelly, and that he asked Kelly to send the letters in order to assist whomever Haile ultimately did retain to represent him.

Based on Haile's trial testimony, the Court found Haile was represented at the time of his conversation with Darius and thus, for that additional reason, was not entitled to equitable tolling. See Rodriguez, 265 F.3d at 902 (holding equitable tolling available only if claimant proceeding pro se). In so finding, however, the Court acknowledged the limited assistance provided by Kelly arguably did not constitute representation.

Further, although SRMH cites no authority addressing the issue of representation in the context of equitable tolling, and the Court is aware of none, cases arising in other contexts suggest Haile's characterization of his relationship with Kelly, as set forth in his

---

[6]SRMH's reliance on Haile's post-trial submissions, setting forth his trial counsel's advice with respect to settlement (see Haile Decl., filed Mar. 9, 2010), is unavailing. Advice of such nature is not the equivalent of a legal opinion that Haile's recollection, if credited, would not constitute a basis for equitable estoppel, let alone an opinion that Haile knowingly gave false evidence.

declaration, was neither knowingly false nor necessarily unreasonable.  See, e.g., People v. Gionis, 9 Cal.4th 1196, 1212 (1995) (holding defendant's incriminating remarks to counsel, from whom he sought but did not receive advice, not protected by attorney-client privilege; noting attorney's "unequivocal refusal to represent defendant . . . detracts significantly from defendant's claim of privilege"); Strasbourger Pearson Tulcin Wolff Inc. v. WIZ Technology, Inc., 69 Cal. App. 4th 1399, 1406-07 (Cal. Ct. App. 1999) (reversing order disqualifying plaintiff's counsel, where prior advice to defendant "limited to perfunctory instructions" necessary for compliance with states' "blue sky" laws in connection with stock offering); Kane, Kane, and Kritzer, Inc. v. Altagen, 107 Cal. App. 3d 36, 41-42 (Cal. Ct. App. 1980) (holding, in action for legal malpractice, attorney's agreement to send collection letter constituted "limited employment" that, absent express request by client, did not impose on attorney duty to file complaint).

In sum, although SRMH has shown Haile did not have a strong case on many of the factual and legal issues raised by his complaint, SRMH has not made a sufficient showing to warrant an award of attorney's fees and non-taxable costs.

## CONCLUSION

For the reasons stated above, the Motion for Attorney's Fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2011

MAXINE M. CHESNEY
United States District Judge